# SUPERIOR COURT

Henry J. Brown
vs.
John H. Caton, Jr.
No. 55425

John H. Caton, Jr.
vs.
Henry J. Brown
No. 55485

Minnie C. McKeen
vs.
Henry J. Brown
No. 55680

RESCRIPT

November 14, 1924

CAPOTOSTO, J. These are three actions of trespass on the case for negligence arising out of a collision which occurred between the automobile truck of Henry J. Brown and a Cole coupe operated by John H. Caton, Jr., at about 11:30 p. m., November 1, 1922, at the southerly end of Post Office square near Canal street, in the city of Providence.

As a result of the accident Mr. Brown brought suit against Mr. Caton for property damage to his truck and Mr. Caton and Miss McKeen, who was riding with him, brought suits against Mr. Brown, the former for property damage to his coupe and the latter for personal injuries sustained.

The jury returned a verdict for Mr. Brown in the sum of $311.25 in the first case and for the defendant in each of the other two cases. Mr. Caton and Miss McKeen now move for a new trial upon the usual grounds.

The testimony, as is generally the rule in this class of cases, was conflicting. The driver of the truck claimed that while progressing across Post Office square, going towards Canal street, at a slow rate of speed, the coupe of Mr. Caton suddenly cut in front of him in a more or less diag-

onal course, striking the right front wheel of the truck. Mr. Caton and Miss McKeen claim that while driving at a moderate rate of speed in a northerly direction on Canal street, intending to cross Post Office square, Mr. Caton slowed down to permit another automobile, driven by a Mr. Ponton, to proceed towards Waterman street; that he then swung to the left to go to Post Office square, when Brown's truck suddenly loomed up in the dark without warning, some 25 feet away, and bore down upon them at a rapid rate of speed, colliding wth the coupe at the rght rear portion of the automobile. As a result of the collision the two vehicles came to a stop within a very short distance, the right rear wheel of the coupe bieng locked with the right front wheel of the truck. The damages to the respective vehicles in general were as follows: On the truck, the right front wheel was knocked under the frame, the right mudguard broken, the front axle bent; on the coupe the damage was confined to the right side in the vicinity of the rear wheel. The accident in question occurred before the present rotary traffic rule was in effect. Then, as now, Post Office square and its immediate vicinity was well lighted by large arc lights.

Upon all the testimony in the case the jury was warranted in denying Mr. Caton any right of recovery on the ground that his conduct directly contributed to the accident.

The verdict for Mr. Brown and the finding against Miss McKeen in her action against Mr. Brown can be supported on the finding that although Miss McKeen was in the exercise of due care, yet Mr. Brown, through his agent and servant, was not guilty of any negligence in the operation of the truck.

The position of the vehicles after the collision and the nature, location and extent of the damage resulting

to each, lends considerable strength to Mr. Brown's claim that, while his agent was progressing at a moderate rate of speed on a part of the road where he had a right to be, in a well-lighted section of the city, the automobile of Mr. Caton suddenly diverted its course, going diagonally across the path of the truck in such close proximity that the collision was unavoidable. The evidence may fairly be interpreted as showing that Mr. Caton failed to see Mr. Brown's truck, which, but for the automobile of Mr. Ponton, was the only vehicle in the vicinity at the time when the truck was being operated in a reasonably prudent manner in view of all the surrounding circumstances

Counsel for Mr. Caton and Miss McKeen complain that the jury was undoubtedly improperly influenced by the fact that a statement crept into the evidence, during the introduction of an alleged admission of liability by Mr. Caton, to the effect that Mr. Caton was insured. Being satisfied that this transgression was unintentional on the part of the witness, the court, upon complaint by counsel for Miss McKeen and Mr. Caton, offered counsel the choice of taking the case from the jury and impanelling a new jury, or of proceeding with the trial after full instructions were given to the jury with reference to the objectionable matter complained of. Counsel saw fit to proceed with the trial and the requisite instructions were in fact given to the jury upon this point, both on reconvening for the taking of further testimony and during the final charge. Nothing appearing to the contrary the court has a right to assume that the jury would and did follow the instructions given. I cannot disturb a jury's finding upon mere suspicion, especially when counsel consented to submit his case to that particular jury.

Upon the whole record I feel that the jury was warranted by the evidence in reaching the verdicts which it did.

The motions for new trials by Mr. Caton and Miss McKeen are consequently denied.

For Henry J. Brown: William H. McSoley.

For John H. Caton, Jr., and Minnie C. McKeen, Sherwood, Heltzen & Clifford.